UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 5:17-cr-00171 |
| | : | |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Doc. 29] |
| vs. | : | |
| | : | |
| DERRICK W. KNAPIK, | : | |
| | : | |
| Defendant. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Derrick W. Knapik requests a reduced sentence under the compassionate release statute, 18 U.S.C. § 3582.[1] The Government opposes.[2]

For the following reasons, the Court **DENIES** Knapik's motion.

I. Background

On September 8, 2017, Knapik pleaded guilty to one count of felon in possession of a firearm.[3] On October 17, 2017, this Court sentenced Knapik to 84 months of incarceration and three years of supervised release.[4] Knapik is scheduled for release in 2023.[5]

II. Discussion

On March 2, 2021, Knapik moved for compassionate release.[6] Knapik seeks a sentence reduction due to COVID-19 prison conditions, including lockdowns, increased isolation, and suspended programming.[7]

---

[1] Doc. 29.
[2] Doc. 30.
[3] Doc. 21.
[4] Doc. 28.
[5] Doc. 29.
[6] *Id.*
[7] *Id.*

Case No.
GWIN, J.

The Government opposes.[8] The Government argues Knapik has not met the statutory exhaustion requirements, has not established any extraordinary and compelling reasons warrant release, and that the § 3553 sentencing factors do not support early release.[9]

### A. Exhaustion

The Court may modify a defendant's sentence upon a motion from the defendant if the defendant filed the motion thirty or more days after the defendant sent a compassionate release request to their warden.[10]

In his motion, Knapik does not establish that he asked the USP Tucson warden for a sentence reduction. Further, the Government verified with the Bureau of Prisons that Knapik has not sent a compassionate release request to his warden.[11]

Because Knapik has not satisfied the statutory exhaustion requirement, the Court denies Knapik's compassionate release motion.

### B. Eligibility

Even if Knapik had satisfied the exhaustion requirement, the Court would still deny Knapik's motion.

Generally, to grant compassionate release, a court must: (1) "find that extraordinary and compelling reasons warrant [a sentence] reduction,"[12] (2) "ensure that such a reduction

---

[8] Doc. 30.
[9] *Id.*
[10] 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Alam*, 960 F.3d 831, 834–35 (6th Cir. 2020).
[11] Doc. 30-1.
[12] "[I]n the absence of an applicable policy statement for inmate-filed compassionate-release motions, district courts have discretion to define 'extraordinary and compelling' on their own initiative." *U.S. v. Elias*, – F.3d —, No. 20-3654, 2021 WL 50169, *2 (6th Cir. Jan. 6, 2021).

is consistent with applicable policy statements issued by the Sentencing Commission," and (3) "consider[ ] all relevant sentencing factors listed in 18 U.S.C. § 3553(a)."[13]

However, there are presently no applicable Sentencing Commission policy statements for inmate-filed compassionate release motions.[14] Therefore, in cases, as here, where an inmate files a motion on their own behalf, the court "may skip step two."[15]

Knapik has not cited any medical conditions or other circumstances that persuade the Court that extraordinary and compelling reasons warrant early release. Moreover, as the Government argues, the § 3553 sentencing factors do not support compassionate release. Knapik is a serial drug trafficking offender.[16] While no one offense has been especially serious, Knapik's history as a repeat offender weigh against a sentence reduction.

### III. Conclusion

Because Defendant Knapik has not satisfied the statutory exhaustion requirement, the Court DENIES Knapik's compassionate release motion.

IT IS SO ORDERED.

Dated: June 1, 2021    *s/     James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[13] *Elias*, 2021 WL 50169 at *2. (citing *U.S. v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A))) (internal quotation marks omitted).

[14] *See id.* ("[U.S.S.G.] § 1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates, and so district courts need not consider it when ruling on those motions."); *Jones*, 980 F.3d at 1108 (stating that "[t]he Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13" but explaining that "§ 1B1.13 does not 'appl[y]' to cases where an imprisoned person files a motion for compassionate release.").

[15] *Jones*, 980 F.3d at 1111.

[16] Doc. 30.

- 3 -